UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RUBMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 5129 |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES (USCIS) | ) | |
| AND UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY (DHS), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants United States Citizenship and Immigration Services ("USCIS") and United States Department of Homeland Security ("DHS") (collectively "Defendants") to dismiss the complaint of Plaintiff David Rubman ("Rubman") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

I. Facts

The following well-pleaded allegations are derived from Rubman's complaint, and the Court accepts them as true and draws all reasonable inferences in Rubman's favor for purposes of the instant motion. Rubman is an immigration attorney in Chicago, Illinois. USCIS is a governmental agency that comprises part of DHS and

has jurisdiction over immigration issues. The H-1B visa category is available for professionals coming to work for an employer in the United States. Congress set an annual quota of 85,000 aliens who may be issued these visas each fiscal year (the "H-1B Cap"). USCIS's procedure for determining which applicants to accept requires it to make projections of the number of petitions necessary to comply with the H-1B Cap, taking into account historical data related to approvals, denials, revocations, and other relevant factors. USCIS must monitor the number of petitions received and notify the public of the date upon which the maximum number of petitions has been received—the final receipt date. USCIS has never publicly disclosed data regarding its projections, its monitoring of the number of petitions received, or the actual number of approved petitions in each fiscal year; therefore, the public is unable to determine if USCIS is accepting enough applications to satisfy the H-1B Cap.

II.   Procedural History

On May 10, 2012, Rubman submitted a Freedom of Information Act ("FOIA") request to USCIS. *See* 5 U.S.C. § 552. Rubman requested "all documents reflecting statistics related to the number of applications, approvals, denials and withdrawals for cap-subject H-1B cases assigned a receipt for each of the fiscal years [2009-2012]." Rubman received a response on September 17, 2012 and wrote back to USCIS, claiming that the response had not provided the requested data. USCIS sent Rubman new data on October 12, 2012. Rubman was still not satisfied, as indicated in an October 22, 2012 letter to USCIS in which Rubman requested "all documents related

to the H-1B data, not just a one page summary." Rubman also claimed that the October 12 data contradicted publicly available data provided by USCIS.

On November 14, 2012, Jill Eggleston ("Eggleston"), USCIS's Director of FOIA Operations, sent Rubman a letter in which she asserted that USCIS had complied with Rubman's FOIA request. While Eggleston acknowledged the existence of some internal e-mails regarding calculations, she asserted that these would not be helpful in terms of fulfilling Rubman's request. Upon receipt of Eggleston's letter, Rubman submitted an administrative appeal of USCIS's decision to the Associate General Counsel of DHS on January 2, 2013. On June 5, 2013, the appeal was dismissed on the grounds that Rubman had been provided the requested information. On July 17, 2013, Rubman filed a one count complaint pursuant to FOIA seeking: (i) an order to USCIS to release the information he has requested; (ii) costs; and (iii) attorneys' fees. On November 14, 2013, Defendants filed a motion to dismiss Rubman's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phospherous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v.* Michel, 66 F.3d 894, 897 (7th Cir. 1995). A Rule 12(b)(6) motion to

dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

## DISCUSSION

Defendants contend that Rubman's complaint should be dismissed because: (i) he failed to exhaust his administrative remedies; and (ii) he received the information he had requested. With respect to the issue of exhaustion, Defendants contend that Rubman failed to appeal administratively in a timely manner before filing suit. The Court rejects this argument because Rubman's administrative appeal was not dismissed due to a procedural bar—untimeliness. Rather, Rubman's appeal was dismissed on the merits; that is, it was determined that Rubman's FOIA request had been honored in full. As the administrative body elected not to enforce a

procedural bar against Rubman, neither will this Court. *Cf. Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (permitting prisoner who had untimely appealed adverse grievance finding to proceed where appeal had been decided on the merits and not procedurally).

Defendants alternatively aver that the complaint should be dismissed because Rubman's FOIA request was fully honored. Rubman extensively details why, in his view, the request was not fully honored. The Court declines at this stage of the pleadings to wade into the labyrinth of conflicting statistical interpretations. The Court lacks sufficient information to determine the correctness of the parties' claims on these disputed issues. These disputes are, as Rubman accurately posits, more appropriate for the summary judgment stage of the litigation process. Defendants' motion to dismiss must therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc [14]) is denied. Status hearing set for 2/27/2014 at 9:30 a.m.

*Charles P. Kocoras*

_____
Charles P. Kocoras
United States District Judge

February 12, 2014
Dated: _____